IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERNANDO PUJALT-LEON, | : | CIVIL ACTION NO. **3:CV-12-1193** |
| Petitioner | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| ERIC HOLDER, *et al.*, | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On June 22, 2012, Petitioner, Fernando Pujalt-Leon, an inmate at York County Prison ("YCP"), filed, *pro se*, a Petition for Writ of Mandamus to Compel Officers of the United States to Perform a Duty, under 28 U.S.C. §1361, with attached exhibits. (Doc. 1). Petitioner requested the Court to direct government officials to decide his 1997 application to adjust his non-immigrant status to a legal permanent resident of the United States, Form I-130, under INA §245. (*Id.*). Further, Petitioner requested that his removal proceedings be dismissed, and that he be released from detention at YCP. (*Id.*). Petitioner claimed that his continued detention by ICE at YCP was unlawful. (*Id.*). Petitioner also filed two Motions to proceed *in forma pauperis*. (Docs. 2 & 9). On July 9, 2012, Petitioner filed a Motion for Summary Judgment and an Affidavit in support. (Docs. 6 & 7). On August 6, 2012, we issued an Order granting Petitioner's Doc. 9 Motion to proceed *in forma pauperis* and we directed the Clerk of Court to issue process to the United States Marshal and directed the United States Marshal to serve

the Petitioner's Petitioner (Doc. 1), in accordance with Rule 4 of the Federal Rules of Civil Procedure, upon the following five (5) named Respondents: Eric Holder, Attorney General of the United States; Janet Napolitano, Secretary of the United States Department of Homeland Security; John Morton, Assistant Secretary for the Immigration and Custom Enforcement; Thomas L. Decker, District Director of Pennsylvania Field Office for Detention; and Daniel M. Renaud, USCIS Center Director (collectively, "Respondents"). (Doc. 12).

Petitioner failed to file a brief in support of his Summary Judgment Motion (Doc. 6) and the time to do so expired. Also, Petitioner's Summary Judgment Motion was premature since Respondents were not all served and since no Respondent had responded to Petitioner's Petition. Thus, on October 1, 2012, we issued an Order and deemed Petitioner's Doc. 6 Summary Judgment Motion as withdrawn pursuant to Rule 7.5, M.D. Pa., based on Petitioner's failure to file his support brief. (Doc. 19). *See Salkeld v. Tennis*, 2007 WL 2682994, * 1 (3d Cir. 2007)(Non-Precedential) (Third Circuit Court found no error with District Court's decision of deeming Plaintiff inmate's motion as withdrawn for failure to comply with M.D. Pa. Local Rule 7.5 requiring the timely filing of a supporting brief). We also deemed Petitioner's initial Motion to proceed *in forma pauperis* (Doc. 2) as moot since we granted his second Motion to proceed *in forma pauperis*. (Doc. 9).

Thereafter, Respondents were served with Petitioner's Petition and in response they jointly filed a Motion to Dismiss on October 22, 2012. **(Doc. 20).** Respondents filed their support brief on November 5, 2012, with Attachments. (Doc. 21).

On November 13, 2012, Petitioner filed a Motion for Subpoenas Duces Tecum and he filed his supporting brief on November 16, 2012. (**Docs. 22** & 23). Petitioner requests that

the Court order the Government to produce various documents in its possession to him which he contends are required for his Petition. (*Id*.). To date, Respondents have not yet responded to Petitioner's Motion for Subpoenas Duces Tecum. Also, to date, Petitioner has not responded to Respondents' Motion to Dismiss. However, Petitioner's opposition brief is now past due. Petitioner's opposition brief to Respondents' Motion to Dismiss was due on November 19, 2012. Thus, Petitioner will be deemed as not opposing Respondents' Motion.

In his Petition for Writ of Mandamus, Petitioner sought the following declaratory relief from Respondents:

> (01) Expedite adjudication of Petitioner's Application Form I-130 Petition pending since 1997;
>
> (02) Order Respondents to follow Standard Operational Procedures ("SOP") recommended in INA regulations in the matter of pending application or petitions with discretion required "specified" by statute; and
>
> (03) Order Respondents to dismiss the removal proceedings and release Petitioner from abusive discretionarily and "mandatory" detention by Respondents, as part of the INA procedures demanded by law.

(Doc. 1, pp. 1-2).

**II. Motion to Dismiss Standard.**

The Respondents seek dismissal of Petitioner's complaint under Federal Rule of Civil Procedure 12(b)(1). (Doc. 20). In *James S. Ex rel. Thelma S. v. Sch. Dist. of Phila.*, 559 F. Supp. 2d 600, 611 (E. D. Pa. 2008), the Court stated:

> "A challenge to a complaint for failure to allege subject matter jurisdiction is known as a facial' challenge, and must not be confused with a 'factual' challenge contending that the court in fact lacks subject matter jurisdiction,

no matter what the complaint alleges...." *N.E. Hub Partners, L.P. v. CNG Transmission Corp.,* 239 F.3d 333, 341 n. 7 (3d Cir.2001) (citing *Mortensen,* 549 F.2d at 891; 5A Wright & Miller, Federal Practice & Procedure § 350, at 212-18 (West 1990)). Defendant District's Motion to Dismiss presents a factual challenge. In assessing a Rule 12(b)(1) motion that presents a factual challenge to a court's jurisdiction, the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case .... [N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Carpet Group Int'l,* 227 F.3d at 69 (quoting *Mortensen*, 549 F.2d at 891). In making this assessment, "the court [is] not confined to allegations in the plaintiff's complaint, but [may] consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction." *Gotha v. United States,* 115 F.3d 176, 179 (3d Cir.1997).

**III. Discussion**.

Plaintiff filed a Petition for Writ of Mandamus (**Doc. 1)** under the All Writs Act, 28 U.S.C. § 1651, seeking the Court to direct Respondents "to perform a duty under 28 U.S.C. § 1361 and APA § U.S.C.S. 555-702." (*Id*.). We find that Plaintiff's Petition for Writ of Mandamus should be dismissed.

The Court stated in *Mitchell v. U.S.*, 419 F. Supp. 2d 709, 711(W.D. Pa. 2005):

> 28 U.S.C. § 1361 states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

The *Mitchell* Court also stated:

> This Court has the authority to issue a Writ of Mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651(a). The Act states that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Id.*

*Id*. at 712.  *See also, Banks v. Conway*, 1:CV-11-0564 (M.D.Pa, May 31, 2011).

The standards for determining if a Writ of Mandamus should issue are:

> According to the Supreme Court, "[t]he extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of a 'clear nondiscretionary duty.'" *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121, 109 S.Ct. 414, 424, 102 L.Ed.2d 408, 425 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984)).  The Petitioner must show that he has no other adequate means to attain the relief he desires and that he has a clear and indisputable right to the writ.  *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 482 (3d Cir. 1995).  Once the Petitioner has made such a showing, it is still within the discretion of this Court to determine whether to issue the writ.  *See id.*

*Id*.

The Court in *Bartosek v. Com of Pa*., 2005 WL 2250684, * 1 (W.D. Pa.), stated:

> Mandamus is a "drastic remedy that 'is seldom issued and [ ] is discouraged." ' *In re Patenaude,* 210 F.3d 135, 140 (3d Cir.2000). Petitioners must demonstrate that they "lack adequate alternative means to obtain the relief they seek" and they "carry the burden of showing that their right to issuance of the writ is 'clear and indisputable." ' *Mallard v. United States District Court for the Southern District of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). Section 1361 provides the federal courts with jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff."

*Id*.

In *Murray v. Grondolsky*, 369 Fed. Appx. at 320, the Court stated that "mandamus relief is to be issued only in extraordinary circumstances, where the Petitioner demonstrates that he has no alternative means to achieve the relief

sought, and that he has a clear and indisputable right to the writ." (Citation omitted).[1] *See also Banks v. U.S. Attorney*, 2008 WL 3853307, *1 ("Mandamus will not issue to compel discretionary functions.")(citation omitted).

In *Hill v. Lappin*, 2010 WL 3398989, *3 (M.D. Pa. 8-25-10), the Court stated:

> Moreover, "[m]andamus is an extraordinary remedy that can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.' *Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary,* 93 F.3d 103, 112 (3d Cir.1996) (quoting *Harmon Cove Condominium Ass'n, Inc. v. Marsh,* 815 F.2d 949, 951 (3d Cir.1987)). *See Ararat v. District Director, ICE,* 176 F.App'x. 343 (3d Cir.2006). Therefore: Mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer,* 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (discussing the common-law writ of mandamus, as codified in 28 U.S.C. § 1361). *See also Stehney,* 101 F.3d at 934 (mandamus relief is a drastic remedy only to be invoked in extraordinary circumstances).

*Stanley v. Hogsten* 277 F.App'x. 180, 181(3d Cir.2008).

The Administrative Procedures Act ("APA") states, "[a] person suffering legal wrong

---

[1] In *Drummond v. Martinez*, 2009 WL 3241851, *5, n. 8 (M.D. Pa. October 05, 2009), the Court noted:

To be eligible for mandamus relief, a petitioner must establish (1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy. *See Cheney v. U.S. Dist. Court for Dist. of Columbia,* 542 U.S. 367, 380-81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) ("Mandamus is an extraordinary remedy, available to 'a plaintiff only if ... the defendant owes him a clear, non-discretionary duty.' ") (citing *Heckler v. Ringer,* 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984)).

because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof..." 5 U.S.C.A. § 702. A claim under the APA "to compel agency action unreasonably delayed can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." 5 U.S.C.A. § 706(1).

In his Doc. 6 Petition, as stated, Petitioner seeks this Court to direct Respondents to dismiss the removal proceedings against him and release Petitioner from "abusive discretionarily and 'mandatory' detention by Respondents, as part of the INA procedures demanded by law." (Doc. 1, p. 1). We find that Plaintiff's Petition for Writ of Mandamus should be dismissed since it does not meet any of the necessary elements stated above. Petitioner wants Respondents to be compelled to adjudicate his I-130 petition. (Doc. 1, p. 1). Respondents contend that in regard to Petitioner's removal proceedings, once the immigration judge rules on his petition, Petitioner can seek review of that order by filing a petition for review with the circuit court. (Doc. 21, p. 1). Respondents further contend that a mandamus action is improper to challenge Petitioner's continued detention and Petitioner must instead seek release by filing a habeas petition which the Petitioner has done and is currently pending before the court. *See* Civil Docket No. 3:12-cv-1749. We agree.

An I-130 petition can be filed by a United States Citizen ("USC") or a Lawful Permanent Resident Alien ("LPR"). (Doc. 21, Ex. A, ¶ 5). The alien relative is the "beneficiary" who is being sponsored by the USC or the LPR. (*Id.*, ¶ 6). The United States Citizenship and Immigration Service ("USCIS") assigns a receipt notice that includes the names of the Petitioner

and beneficiary, the date the petition was received, and other related information. (*Id.*). The information is entered into the electronic data systems in which the I-I30 filings can be located including Computer Linked Application Information Management System (CLAIMS), Central Index System (CIS), and the ONBASE system. (*Id.*, ¶ 8). Respondents alleged that on November 2, 2012, USCIS checked all of the data systems referenced above and did not find an I-I30 petition filed by Petitioner or anyone on his behalf. (*Id.*, ¶ 14). Respondents further noted that in the CLAIMS and CIS systems, Petitioner filed a Form I-485 Application to Register Permanent Residence or Adjust Status on October 24, 2011 which was assigned receipt number SRC 12 015 50437. (*Id.*, ¶ 10). The Form I-485 has not been adjudicated and is pending because it was filed after Petitioner was placed in removal proceedings. (*Id.*, ¶¶ 10-11).

Respondent further noted that Petitioner provided receipt number SRC 98 036 51195 in his mandamus complaint which corresponded with a Form I-539 Application to Extend/Change Nonimmigrant Status filed by Eva Morales on November 19, 1997. (*Id.*, ¶ 12). None of the USCIS file tracking systems show a current location of the SRC 98 036 51195 file. (*Id.*). The CLAIMS system shows a receipt number EAC 13 022 50017 for a Form I-360 Petition for Amerasian, Widow(er) or Special Immigrant filed by Petitioner on October 26, 2012 which has not been adjudicated. (*Id.*).

Petitioner requested injunctive relief seeking an order enjoining Respondents from the further unlawful detention of Petitioner. (Doc. 1, p. 43). Petitioner further requested an order for the Respondents to adjust the application Form I-130 petition with receipt number SRC 98 036 51195 to gain lawful permanent residence in the United States as a matter of law. (*Id.*).

8

Petitioner further requested attorney's fees and costs under the Equal Access to Justice Act ("EAJA") as amended, 5 U.S.C. A. § 504 and 28 U.S.C.A. § 2412 and "any other basis Tort justified under the law, for his unlawful and unjust incarceration for more than 16 months." (*Id*.).

Petitioner has not and cannot demonstrate that the Respondents had a nondiscretionary duty to act and they failed to take the required action. Petitioner has failed to demonstrate that Petitioner or anyone on his behalf filed a Form I-430 petition. Therefore, the court cannot compel Respondents to adjudicate a petition that was never filed and thus, lacks jurisdiction over Petitioner's complaint. Furthermore, although the Petitioner contends that the USCIS has a nondiscretionary duty to adjudicate his Form I-485 application, the USCIS lacks jurisdiction to adjudicate I-485 applications if they are filed after the alien is in immigration court proceedings. See 8 C.F.R. § 1245.2(a)(1); 8 C.F.R. § 1245.2(a)(1)(i).

> In the case of any alien who has been placed in deportation proceedings or in removal proceedings (other than as an arriving alien), the immigration judge hearing the proceeding has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file.

8 C.F.R. § 1245.2(a)(1)(i).

Petitioner was placed into removal proceedings on December 30, 2010. (Doc. 21, Ex. A, ¶ 11). Therefore, USCIS does not have a discretionary duty to act on his I-485 application.

Petitioner further requested that the court dismiss the removal procedures against him. (Doc. 1). Once a determination is made by an immigration judge, Petitioner can seek review of the order by filing a petition for review with the circuit court. *See* 8 U.S.C. § 1252(a)(5).

Petitioner has failed to show that he is entitled to mandamus relief which is a drastic remedy only to be invoked in extraordinary circumstances. *Murray v. Grondolsky*, 369 Fed. Appx. at 320. Petitioner filed a petition for writ of habeas corpus pending before the court. *See* Civil Docket No. 3:12-cv-1749. It is well-settled that a petition for habeas corpus is the exclusive federal remedy for an inmate challenging the 'very fact or duration' of his confinement and seeking 'immediate release or a speedier release from that imprisonment.'" *Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973). Therefore, we shall recommend that Plaintiff's Petition for Writ of Mandamus (Doc. 1) be dismissed since Plaintiff still has other adequate avenues of relief available to him.

## IV. Recommendation.

Based on the above, it is respectfully recommended that the Plaintiff's Petition for a Writ of Mandamus **(Doc. 1)** be dismissed. It is further recommended that Respondents' Motion to Dismiss (**Doc. 20**) be granted. Additionally, it is recommended that Petitioner's Motion for Subpoena Duces Tecum (**Doc. 22**) be dismissed as moot.

<u>s/ Thomas M. Blewitt</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: December 5 , 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERNANDO PUJALT-LEON, | : | CIVIL ACTION NO. **3:CV-12-1193** |
| | : | |
| Petitioner | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| ERIC HOLDER, *et al.*, | : | |
| | : | |
| Respondents | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 5, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                            s/ Thomas M. Blewitt
                                            **THOMAS M. BLEWITT**
                                            **United States Magistrate Judge**

**Dated: December 5, 2012**